## PEOPLE v TOMASOVICH

Docket No. 222820. Submitted December 12, 2001, at Detroit. Decided January 18, 2002, at 9:10 A.M.

Michael E. Tomasovich, who in the Wayne Circuit Court had been convicted of conspiracy to possess with intent to deliver more than 650 grams of cocaine and sentenced to life imprisonment, filed a motion in the trial court seeking certification pursuant to MCL 791.234(10) of eligibility for parole consideration after fifteen years of imprisonment on the basis of cooperation with law enforcement. The defendant had entered into an immunity agreement with a United States attorney in connection with the defendant's cooperation in a federal prosecution against another person. The trial court, Patricia Fresard, J., denied the motion, ruling that MCL 791.234(10) requires cooperation with state law enforcement and that a defendant receive no other benefit for cooperation other than early parole consideration. The defendant appealed by leave granted.

The Court of Appeals held:

1. The trial court read into MCL 791.234(10) a requirement that is not in the statute in ruling that the statute requires cooperation with state law enforcement. The statute requires cooperation with law enforcement without reference to whether such law enforcement must be local, state, or federal.

2. The trial court read into MCL 791.234(10) a requirement that is not in the statute in ruling that the statute requires that a defendant receive no benefit for cooperation other than early parole consideration. Nothing in the statute precludes receiving the benefits of early parole consideration merely because the defendant's cooperation with law enforcement also resulted in other benefits, such as federal immunity.

Reversed and remanded for entry of an order certifying early parole eligibility under MCL 791.234(10).

PAROLE — LIFE IMPRISONMENT — CONTROLLED SUBSTANCES — EARLY PAROLE ELIGIBILITY.

The statute that provides for early parole eligibility for cooperation with law enforcement to a defendant sentenced to life imprisonment for violating or conspiring to violate the Public Health Code

provision prohibiting the manufacture, creation, delivery, or possession with intent to manufacture, create, or deliver a schedule 1 or 2 narcotic or cocaine in amounts exceeding 650 grams does not specify the level (local, state, or federal law enforcement) at which cooperation must be made, nor does it require that the defendant receive no benefit for cooperation other than early parole eligibility (MCL 791.234[10]).

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael E. Duggan,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Don W. Atkins,* Deputy Chief, Recruitment and Appeals.

*Carolyn A. Blanchard,* for the defendant.

Before: SAAD, P.J., and SAWYER and O'CONNELL, JJ.

SAWYER, J. Defendant appeals by leave granted from an order of the circuit court denying his motion for certification of eligibility for early parole consideration under MCL 791.234(10). We reverse.

Defendant was convicted following a 1989 jury trial of conspiracy to possess with intent to deliver over 650 grams of cocaine, MCL 333.7401(2)(a)(i), and was sentenced to the mandatory term of life in prison. In 1998, the Legislature passed various statutory amendments that had the effect of removing the mandatory life in prison sentence for this offense. Specifically, those sentenced to life in prison for violation of MCL 333.7401(2)(a)(i) would be eligible for parole consideration after serving 17½ years if they have been convicted of no other serious crime.[1] MCL 791.234(6). Furthermore, if the sentencing judge, or his successor in office, finds that the defendant has cooperated

---

[1] Those who have been convicted of another serious crime must serve an additional 2½ years before becoming eligible for parole.

with law enforcement, the defendant may be considered for parole after fifteen years.[2] MCL 791.234(10).

In 1999, defendant moved before the judge who succeeded his sentencing judge for a determination that he had cooperated with law enforcement and, therefore, was eligible for parole consideration after fifteen years. The trial court denied the motion, concluding that, while defendant had cooperated with federal law enforcement, he had only attempted to cooperate with state law enforcement. The trial court concluded that the statute requires actual cooperation with state law enforcement to be eligible for early parole consideration.

Defendant's only issue on appeal is that the trial court erred in determining that he was not eligible for early parole consideration. We agree.

MCL 791.234(10) provides as follows:

> If the sentencing judge, or his or her successor in office, determines on the record that a prisoner described in subsection (6) sentenced to imprisonment for life for violating or conspiring to violate section 7401(2)(a)(i) of the public health code, 1978 PA 368, MCL 333.7401, has cooperated with law enforcement, the prisoner is subject to the jurisdiction of the parole board and may be released on parole as provided in subsection (6), 2½ years earlier than the time otherwise indicated in subsection (6). The prisoner is considered to have cooperated with law enforcement if the court determines on the record that the prisoner had no relevant or useful information to provide. The court shall not make a determination that the prisoner failed or refused to cooperate with law enforcement on grounds that the defendant exercised his or her constitutional right to trial by jury. If the court determines at sentencing that the defendant

---

[2] Or after 17½ years if the defendant has been convicted of another serious crime.

cooperated with law enforcement, the court shall include
its determination in the judgment of sentence.

In denying defendant's motion for reconsideration,
the trial court opined as follows:

> Finally, it does appear that shortly after commencing his
> life sentence in this case, the defendant cooperated with
> federal law enforcement officials in the trial of [*United
> States*] *v Patrick Rugiero, et al* [804 F Supp 925 (1992)].
> However, it is clear that defendant's cooperation with fed-
> eral law enforcement was in exchange for an immunity
> agreement with the U.S. Attorney's office. Defendant
> received the benefit of his cooperation with the U.S. Attor-
> ney's office by receipt of the immunity agreement. He is not
> entitled to an additional benefit under MCL 791.234(9) [sic],
> because he did not cooperate with state law enforcement
> officials in his state drug case.

We agree with defendant that the trial court erred.

The trial court read into the statute two require-
ments that simply do not exist: (1) that the coopera-
tion be in a state, not federal, prosecution and (2)
that the defendant receive no benefit for his coopera-
tion other than the early parole consideration. There
was no justification for reading those requirements
into the statute.

The Supreme Court explained the primary rule for
statutory interpretation in *Sun Valley Foods Co v
Ward*, 460 Mich 230, 236; 596 NW2d 11 (1999):

> The rules of statutory construction are well established.
> The foremost rule, and our primary task in construing a
> statute, is to discern and give effect to the intent of the Leg-
> islature. *Murphy v Michigan Bell Telephone Co*, 447 Mich
> 93, 98; 523 NW2d 310 (1994). See also *Nation v W D E Elec-
> tric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). This task
> begins by examining the language of the statute itself. The

words of a statute provide "the most reliable evidence of its intent . . . ." *United States v Turkette*, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981). If the language of the statute in unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. *Luttrell v Dep't of Corrections*, 421 Mich 93; 365 NW2d 74 (1984).

See also *People v McIntire*, 461 Mich 147, 152-153; 599 NW2d 102 (1999).

MCL 791.234(10) refers to whether the defendant "has cooperated with law enforcement" without modifiers regarding local, state, or federal law enforcement. The phrase is clear and unambiguous and judicial construction is neither required nor permitted. The Legislature did not see fit to put in a requirement that the cooperation be with local or state authorities; therefore, it was improper for the trial court to read such a requirement into the statute. Simply put, law enforcement is law enforcement, whether it be local, state, or federal.

The trial court also denied defendant's motion because defendant received a use immunity agreement from the United States attorney for his cooperation with federal authorities. However, nothing in the statute precludes receiving the benefits of early parole consideration merely because the defendant's cooperation also resulted in other benefits, such as federal immunity. Again, the trial court read into an otherwise clear and unambiguous statute a requirement that the Legislature did not place there. There

simply was no basis for the trial court to refuse to apply the statute merely because defendant received additional benefits from the United States attorney for his cooperation.

Simply put, once the trial court determined that defendant had, in fact, cooperated with federal law enforcement, the requirements of MCL 791.234(10) were met and the trial court should have certified defendant as eligible for early parole consideration.

In light of our conclusion, it is unnecessary to determine whether the trial court also erred in concluding that defendant's attempted cooperation with state authorities was insufficient because the statute requires actual cooperation.

We should also briefly comment on the prosecutor's arguments. The prosecutor devotes none of his brief to the statutory interpretation issue raised by defendant and on which this Court granted leave. Rather, the prosecutor raises a constitutional challenge to the statute, an issue neither addressed below nor on which we have granted leave. Accordingly, that issue is not properly before us.[3]

The trial court's denial of defendant's motion for early parole eligibility under MCL 791.234(10) is reversed and the matter is remanded to the trial court for entry of an order certifying early parole eligibility under MCL 791.234(10). We do not retain jurisdiction.

---

[3] We do note that a similar argument was addressed in *People v Matelic*, 249 Mich App 1; 641 NW2d 252 (2001).