COMPTON v. FORD MOTOR COMPANY.

1. WORKMEN'S COMPENSATION—DEPENDENTS—WIDOWS—CHILDREN.
   The policy of the legislature, as expressed in the workmen's compensation act, is that no compensation is to be paid to a widow after her remarriage or to a dependent child after he or she reaches the age of 21 years, if not physically or mentally incapacitated from earning (CL 1948, § 412.6).

2. SAME—DEPENDENTS.
   The workmen's compensation act does not contemplate support for any save a dependent and one who has sufficient means at hand for supplying present necessities, according to his position or station in life, is not a dependent (CL 1948, § 412.6).

3. SAME—DEPENDENTS—ADULT DAUGHTER—HOUSEKEEPER.
   Daughter of deceased employee *held*, not a dependent entitled to workmen's compensation, where she was 28 years of age and not physically or mentally incapacitated from earning, notwithstanding she was keeping house for her father and received only her room and board for such services (CL 1948, § 412.6).

Appeal from Workmen's Compensation Commission. Submitted June 9, 1953. (Docket No. 23, Calendar No. 45,722.) Decided October 6, 1953.

Frozene Spencer Compton presented her claim against Ford Motor Company for compensation as daughter of Lawrence Spencer, deceased. Award to plaintiff. Defendant appeals. Reversed.

*Zwerdling & Zwerdling (Marcus, Kelman, Loria, McCroskey & Finucan, of counsel)*, for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 186, 187.
[2] 58 Am Jur, Workmen's Compensation § 162.
[3] 58 Am Jur, Workmen's Compensation § 174.

*William T. Gossett (E. C. Starkey, R. B. Darragh, R. L. Chapman* and *F. A. Lux,* of counsel), for defendant.

Sharpe, J.   Lawrence Spencer contracted silicosis during his employment with the defendant, Ford Motor Company.   He was transferred to a noninjurious occupation in March, 1948.   He continued to work until October, 1950.   He died in June, 1951. Plaintiff, Frozene Spencer Compton, is his daughter.   She was born in March, 1923, and was married in 1943.   In 1944 she went to live with her father and thereafter was employed by a corporation engaged in war work.   She was divorced in 1947, and in May, 1951, she married Louis Compton.   Plaintiff is a graduate of Hamtramck high school and later attended Tuskegee Institute for 1-1/2 to 2 years.   It also appears that plaintiff was keeping house for her father on March 24, 1948, and for some time thereafter.   It does not appear that she received anything more than her board and room for the services she rendered her father.   Plaintiff filed a claim for compensation in which she alleges that the last day her father worked was October 17, 1950, and that death occurred June 14, 1951, from silicosis, silico-tuberculosis and other chest and lung conditions.   The workmen's compensation commission awarded her compensation at the rate of $21 per week for total dependency from June 14, 1951, until the further order of the commission but not to exceed $4,700 and the statutory funeral allowance.

In an opinion, the commission stated:

"The undisputed testimony discloses that plaintiff was keeping house for her father on the date of the injury and that he was her sole means of support. Though she was more than 21 years of age, nevertheless she was in 'fact a dependent of her father on the date of injury, March 24, 1948."

Upon leave being granted, defendant appeals and urges that the commission was in error in awarding compensation to plaintiff, a 28-year-old daughter of decedent, who was not physically or mentally incapacitated. The pertinent provisions of the workmen's compensation act relating to dependents are contained in CL 1948, § 412.6 (Stat Ann 1950 Rev § 17.156). Under the statute a wife, and children under the age of 16 years, or over that age, if physically or mentally incapacitated from earning a living are conclusively presumed to be dependents. "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of injury." The act also provides:

"(c) Upon the remarriage of a dependent wife receiving compensation as such, compensation payments to such wife shall cease, and such compensation, if any, shall be payable to the person or persons either wholly or partially dependent upon deceased for support at his death as provided in clause (b) of this section: And provided further, That the payment of compensation to any dependent child shall cease when the child reaches the age of 21 years, if at the age of 21 years he is neither physically nor mentally incapacitated from earning. And such remaining compensation, if any, shall be payable to the person or persons either wholly or partially dependent upon the deceased for support at the time of his death, as provided in clause (c) in the case of the remarriage of a dependent wife."

Under the above section it clearly appears to be the policy of the legislature. that no compensation will be paid to a widow after her remarriage or to a dependent child after he or she reaches the age of 21 years, if he or she is not physically or mentally incapacitated from earning. In *Garbutt* v. *Stoll*, 287 Mich 396, 399, we said:

"The compensation act does not contemplate support for any save the dependent and one who has sufficient means at hand for supplying present necessities, according to his position or station in life, is not a dependent."

The issue involved in this case is one of first impression for our Court. However, other jurisdictions have been confronted with this problem. In *Carnegie-Illinois Steel Corporation* v. *Papuschak,* 114 Ind App 233 (51 NE2d 875), claimant's father died as a result of an occupational disease. He received compensation during his lifetime. About 2 years prior to his death, claimant, his daughter, 31 years of age, kept house for him. She was neither mentally nor physically incapacitated and was dependent upon her father for support. Under the Indiana statute, 8 Burns' Indiana Statutes (1940 Replacement), § 40–2207, a child under the age of 18 years, and a child over the age of 18 years who is either physically or mentally incapacitated from earning his or her own support, shall be conclusively presumed to be wholly dependent for support upon the parent with whom he or she is living at the time of the disablement of such parent. The statute also provides that the dependency of a child not mentally or physically incapacitated from earning shall terminate at the age of 18 years, and further provides that in *all other cases* questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the disablement. In the *Carnegie Case, supra,* the appellate court of Indiana in reversing an award for compensation stated:

"Under the statute there is no room for determination of the actuality of dependency in this case, for the door was closed upon that question by the legislature when it said that the dependency of a child not physically or mentally incapacitated from earn-

ing terminates with the attainment of the age of 18 years. Thus a child neither physically nor mentally incapacitated ceases to be a dependent when it attains the age of 18 years, and cannot become a dependent thereafter so long as it is not so incapacitated. A child past the age of 18 years and not so incapacitated is not a dependent and cannot become a dependent so long as it is not so incapacitated."

For other cases arriving at similar results, see *Wallace* v. *American Mutual Liability Insurance Company*, 73 Ga App 869 (38 SE2d 624); *Morrill* v. *Charles Bianchi & Sons, Inc.*, 107 Vt 80 (176 A 416); *Gherardi* v. *Connecticut Company*, 92 Conn 454 (103 A 668). In the *Gherardi Case, supra,* the court had occasion to determine who are not dependents:

"We have no purpose to attempt to phrase a complete and exhaustive definition of the word 'dependent' as our statute uses it. But this much may be said broadly and generally that no one, not belonging to the enumerated classes of persons conclusively presumed to be dependent, is entitled to be regarded as a dependent or partial dependent whose financial resources at his command or within his power to command by the exercise of such efforts on his part as he reasonably ought to exert in view of the existing conditions, are sufficient to sustain himself and family in a manner befitting his class and position in life without being supplemented by the outside assistance which has been received or some measure of it. See *Blanton* v. *Wheeler & Howes Co.*, 91 Conn 226, 231 (99 A 494, Ann Cas 1918B, 747)."

In our opinion a person not within the class of those conclusively presumed to be dependents cannot refrain from using her ability to work and earn a living, and thereby make herself a dependent. It is also our opinion that where the facts are uncontroverted and but one inference can be drawn from such fact, the question of dependency becomes one of law

for the court. In the case at bar, the legislation enacted clearly intended that a person more than 21 years of age, who is mentally and physically able to work and earn a living is not a dependent. It follows that the award must be vacated, with costs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.