MURPHY v MICHIGAN BELL TELEPHONE COMPANY (AFTER REMAND)

Docket No. 128256. Submitted June 17, 1992, at Lansing. Decided March 17, 1993; approved for publication June 25, 1993, at 9:00 A.M. Leave to appeal granted, 444 Mich —.

Dennis D. Wainman died as a result of a work-related injury. His employer, Michigan Bell Telephone Company, voluntarily paid workers' compensation weekly death benefits to Wainman's widow, Candace, and their two minor children. Candace's benefits were reduced when she married Charles Murphy, who subsequently adopted the two minor children. Michigan Bell continued to pay benefits on behalf of the children until the five-hundred-week benefit period provided in MCL 418.321; MSA 17.237(321) expired. Candace Murphy then petitioned the Bureau of Workers' Disability Compensation on behalf of the children, seeking to require Michigan Bell to continue paying them weekly death benefits. A referee held that the children were entitled to the benefits until their sixteenth birthdays and that their adoption did not alter their conclusive status of dependency until their sixteenth birthdays. The Workers' Compensation Appeal Board affirmed. Michigan Bell sought leave to appeal. The Court of Appeals, DANHOF, C.J., and SHEPHERD and DOCTOROFF, JJ., while retaining jurisdiction, issued an order remanding the matter to the WCAB for a clarification of its decision. On remand, the WCAB issued a supplemental decision and an order affirming with significant modification the decision of the referee and directing Michigan Bell to pay weekly compensation benefits for the children until their respective eighteenth birthdays. The Court of Appeals thereafter granted leave to appeal.

After remand, the Court of Appeals *held:*

1. A dependent's right to death benefits is fixed at the time of the injury that causes an employee's death, irrespective of subsequent changed conditions, except as provided in MCL

REFERENCES

Am Jur 2d, Workers' Compensation §§ 184-187, 191-193, 207-214, 222.
See ALR Index under Workers' Compensation.

418.321, 418.331, 418.335; MSA 17.237(321), 17.237(331), 17.237(335). Under § 321, an employer must pay benefits to the dependents of an employee who dies from a work-related injury for five hundred weeks from the date of death. Under § 331(b), a child under the age of sixteen years is conclusively presumed to be dependent upon the person with whom the child is living at the time of the death of the employee parent. Therefore, an employer is required to pay weekly benefits for five hundred weeks to a child of an employee who dies from a work-related injury if the child is less than sixteen years old. No statute requires an employer to continue to pay weekly death benefits beyond the five-hundred-week period, but §§ 321 and 335 provide that a hearing referee or a workers' compensation magistrate may order an employer to continue to pay the weekly compensation benefits after the five-hundred-week period to a dependent child until the child reaches the age of twenty-one or eighteen years, respectively. The basis for the permissive ordering of continued weekly benefits is the recipient's continued dependency. The conclusive presumption of § 331(b) that a child under the age of sixteen years is wholly dependent for support upon a deceased employee with whom the child is living at the time of the death does not require an employer to pay compensation benefits under § 321 or 335 after the expiration of the five-hundred-week benefit period.

2. Because the children were under sixteen years of age when the death occurred, they were conclusively presumed, under § 331, to be wholly dependent for support upon the decedent. Under § 321, the children were entitled to the payment of weekly death benefits for five hundred weeks. After the five-hundred-week period, they were entitled to weekly benefits, under § 321 or § 335, only if a referee or a magistrate so ordered after finding them actually to be dependent upon the decedent.

3. The children are no longer actually dependent on the decedent, because they were adopted by Charles Murphy. The adoption destroyed the rationale for the conclusive presumption of the children's dependency upon their deceased father.

Reversed.

1. WORKERS' COMPENSATION — DEATH BENEFITS.

A dependent's right to death benefits is fixed, irrespective of subsequent changed conditions, at the time of the injury that causes an employee's death, except as provided in §§ 321, 331, and 335 of the Workers' Disability Compensation Act (MCL 418.321, 418.331, 418.335, 418.341; MSA 17.237[321], 17.237[331], 17.237[335], 17.237[341]).

2. Workers' Compensation — Death Benefits — Dependents.

An employer must pay death benefits to the dependents of an employee who dies from a work-related injury for five hundred weeks from the date of death; although no statute requires an employer to continue to pay weekly death benefits after the five-hundred-week period, a hearing referee or a workers' compensation magistrate, upon finding that a child is dependent upon the decedent, may order the employer to continue to pay the weekly compensation benefits to the dependent child until the age of eighteen or twenty-one (MCL 418.321, 418.331[b], 418.335; MSA 17.237[321], 17.237[331][b], 17.237[335]).

3. Workers' Compensation — Death Benefits — Dependent Children — Presumptions — Adoption.

The Workers' Disability Compensation Act conclusively presumes that a child under the age of sixteen years is wholly dependent for support upon a deceased employee parent with whom the child is living at the time of the death of that parent and grants the child weekly death benefits for a period of five hundred weeks from the date of death; payment of the benefits after the five-hundred-week period may be ordered only where the child is actually dependent upon the deceased employee parent; adoption of the child after the death may support a finding that the child is no longer dependent upon the decedent and not entitled to benefits beyond the five-hundred-week period (MCL 418.321, 418.331[b]; MSA 17.237[321], 17.237[331][b]).

*Rapaport, Pollok, Farrell & Waldron, P.C.* (by *Steve J. Pollok* and *Kassia L. Snyder*), for the plaintiff.

*Lacey & Jones* (by *Michael T. Reinholm*), for the defendant.

#### AFTER REMAND

Before: Sullivan, P.J., and MacKenzie and I. B. Torres,* JJ.

Per Curiam. Defendant appeals by leave granted from an order of the Workers' Compensa-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tion Appeal Board issued on remand from this Court affirming with modification a decision of a hearing referee awarding benefits to plaintiff on behalf of the decedent's two dependent children until their eighteenth birthdays. We reverse.

Plaintiff's decedent, Dennis Wainman, was employed by defendant, Michigan Bell Telephone Company, and died from a work-related injury. At the time of his injury, the decedent had three dependents, his wife, Candace, and two minor children, Kelly, born August 7, 1968, and Sean, born December 13, 1971. Defendant voluntarily paid weekly death benefits to the three dependents. The benefits were reduced when Candace married Charles Murphy in June 1973. Charles Murphy adopted Kelly and Sean in September 1975.

Defendant continued to pay benefits on behalf of Kelly and Sean until September 1981, when the five-hundred-week benefit period expired. Plaintiff filed a petition for hearing on October 5, 1984, on behalf of Sean and Kelly, to require defendant to continue to pay weekly death benefits. At a hearing on July 24, 1985, the referee held that Sean and Kelly were entitled to weekly death benefits until their sixteenth birthdays, reasoning that they were conclusively presumed to be dependent upon the decedent as long as they lived with their natural mother. The referee also opined that Murphy's adoption of Sean and Kelly in 1975 did not alter the children's conclusive status of dependency until their sixteenth birthdays.

Defendant appealed, and the WCAB affirmed. Defendant applied for leave to appeal, arguing that the WCAB erred in holding, in effect, that, as a matter of law, a child under sixteen years of age is entitled to weekly death benefits even after the

five-hundred-week period. Defendant argued that after the five-hundred-week period, a dependent under twenty-one years of age may receive weekly death benefits only if actually dependent upon the decedent. Defendant argued that plaintiff did not demonstrate the children's factual dependency on the decedent and that the WCAB failed to evaluate the factual issue.

This Court, while retaining jurisdiction, remanded the matter to the WCAB to clarify the basis for its decision and directed the WCAB to answer four questions:

> (1) are decedent's children entitled as a matter of law to benefits beyond the five-hundred-week period so long as they are not yet sixteen years old; (2) are decedent's children entitled to benefits beyond the five-hundred-week period because as a matter of fact they remain dependents of the deceased; (3) what significance, if any, do the children's sixteenth birthdays have in light of the references to twenty-one and eighteen years of age in [MCL 418.321; MSA 17.237(321), and MCL 418.335(1); MSA 17.237(335)(1)], respectively; and (4) if the children are entitled to benefits beyond the five-hundred-week period because as a matter of fact they remain dependent upon decedent, does this entitlement extend to their eighteenth or twenty-first birthdays?

The WCAB issued a supplemental decision answering the four questions as follows:

> [1] [T]he decedent's children, who were less than 21 years of age at the expiration of the 500-week period are entitled, as a matter of law, to continuing benefits after the 500-week period expires, as set forth in Section 321, if a hearing referee orders payment of such benefits.
>
> *     *     *

[2] [B]ecause defendant has not borne its burden of proof in challenging either the conclusive or factual dependency of Sean and Kelly, the decedent's children are entitled to benefits beyond the 500-week period.

[3] [T]heir sixteenth birthdays have no significance in the context of Sections 321 and 335(1), but only in the context of [MCL 418.331(b); MSA 17.237(331)(b)].

\* \* \*

[4] Section 335(1) sets age 18 as the age beyond which no additional weekly benefits are to be paid and the language of [MCL 418.335(2); MSA 17.237(335)(2)] requires the application of the revised version of Section 335, i.e., the version cutting off benefits at age 18 for the decedent's dependent children.

The WCAB then issued an order affirming with "significant modification" the decision of the referee and directing defendant to pay weekly compensation benefits on behalf of Kelly and Sean for the period from the expiration of the five-hundred-week benefit period to their respective eighteenth birthdays. We find the WCAB's answers to our questions unsatisfactory.

Although dependency and the right to any death benefit generally is fixed at the time of an employee's injury, certain exceptions exist. Section 341 of the Workers' Disability Compensation Act, MCL 418.341; MSA 17.237(341), provides:

Questions as to who constitutes dependents and the extent of their dependency shall be determined as of the date of the injury to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions except as otherwise specifically provided in sections 321, 331 and 335.

Thus, at the time of a deceased employee's injury,

a dependent's right to death benefits is fixed, irrespective of subsequent changed conditions, except as provided in §§ 321, 331, and 335 of the WDCA. Section 321 of the WDCA, MCL 418.321; MSA 17.237(321), provides:

> If death results from the personal injury of an employee, the employer shall pay, or cause to be paid, . . . to the dependents of the employee who were wholly dependent upon the employee's earnings for support at the time of the injury, a weekly payment . . . for a period of 500 weeks from the date of death.

Section 335 of the WDCA, MCL 418.335; MSA 17.237(335), provides, in part:

> Where, at the expiration of the 500-week period, any . . . dependent person is less than 18 years of age, a hearing referee . . . may order the employer to continue to pay the weekly compensation, or some portion thereof, until . . . dependent person reaches the age of 18. The payment of compensation to any dependent child shall cease when the child reaches the age of 18 years, if at the age of 18 years he or she is neither physically nor mentally incapacitated from earning, or when child reaches the age of 16 years and thereafter is self-supporting for 6 months. If the child ceases to be self-supporting thereafter, the dependency shall be reinstated.

Section 331(b) of the WDCA, MCL 418.331(b); MSA 17.237(331)(b), provides in part:

> The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:
>
>     \*   \*   \*
>
> (b) A child under the age of 16 years, or over *16 years of age* if physically or mentally incapacitated

from earning upon the parent with whom he or she is living at the time of the death of such parent. [Emphasis added.]

Under § 321, an employer must pay benefits to the dependents of an employee who dies from a work-related injury for five hundred weeks from the date of death. Under § 331(b), a child under the age of sixteen years is conclusively presumed to be dependent upon the person with whom the child is living at the time of the death of the employee parent. Thus, an employer is required to pay weekly benefits for five hundred weeks to a child of an employee who dies from a work-related injury if the child is less than sixteen years old.

No statute requires an employer to continue to pay weekly death benefits after the five-hundred-week benefit period. However, §§ 321 and 335 provide that a hearing referee or a workers' compensation magistrate may order an employer to continue to pay the weekly compensation benefits to a dependent child until the child reaches the age of twenty-one or eighteen years, respectively. Thus, under § 321, payment of five hundred weeks of benefits to a dependent person is mandatory. After the five-hundred-week benefit period, continued payments to a dependent person are permissive, if ordered by a hearing referee or a workers' compensation magistrate.

Sections 321 and 335 both contemplate a potential interim period between the expiration of the five-hundred-week benefit period and the dependent person's twenty-first and eighteenth birthdays, respectively, during which a referee or a magistrate may order an employer to pay weekly compensation benefits. Neither § 321 nor § 335 explicitly specifies the basis on which a hearing referee or a magistrate should order continued

payment of weekly benefits. However, it is clear from the context of these sections that the basis for the permissive ordering of continued weekly benefits is the recipient's continued dependency. Under § 335, the payment of compensation to any dependent child ceases when the child reaches eighteen years of age, unless the child is "physically [or] mentally incapacitated from earning" or the child reaches the age of sixteen years and "thereafter is self-supporting for 6 months," but if the child ceases to be self-supporting, "the dependency shall be reinstated." Clearly, payment of compensation benefits after the five-hundred-week benefit period is based on whether a child is factually dependent. Thus, the conclusive presumption of § 331(b) that a child under the age of sixteen years is wholly dependent for support upon a deceased employee with whom the child is living at the time of the death of the employee parent does not require an employer to pay compensation benefits under § 321 or § 335 after the expiration of the five-hundred-week benefit period.

In the present case, at the time their natural father sustained his injury, Sean and Kelly were under sixteen years of age and, therefore, under § 331, "conclusively presumed to be wholly dependent for support" upon him. Under § 341, Sean and Kelly's dependency was determined on the date of their natural father's injury and the right to any death benefit was fixed at that time. All of this was irrespective of any subsequent change in conditions, except as otherwise specifically provided in §§ 321, 331, and 335. Under § 321, Sean and Kelly were entitled to payment of weekly death benefits for five-hundred weeks. However, under §§ 321 and 335, as exceptions to § 341, after the five-hundred-week benefit period, Sean and Kelly were entitled to weekly compensation bene-

fits only if a referee or a magistrate so ordered. The conclusive presumption of being wholly dependent for support upon their deceased natural father entitled them to compensation benefits for five hundred weeks under § 321. However, after the five-hundred-week period, a magistrate or a hearing referee could order defendant to continue to pay compensation benefits only if Sean and Kelly were actually dependent upon their deceased natural father.

In the present case, Kelly and Sean are no longer factually dependent on their natural father, the employee decedent, because Charles Murphy, who married Candace Wainman, the widow of the employee decedent, adopted the children in 1975.

In *Theodore v Packing Materials, Inc,* 396 Mich 152; 240 NW2d 255 (1976), the Court determined whether a natural child of a deceased employee was a dependent within the meaning of the WDCA and, therefore, entitled to receive death benefits when the child was adopted by other parents before the date of the deceased natural parent-employee's injury. In *Theodore,* the hearing referee's finding that the two adopted children were conclusively presumed to be dependents of the deceased natural father at the time of the injury within the meaning of the WDCA had become res judicata. However, the Court determined that the referee's decision was subject to modification when the conclusive presumption could no longer be supported.

In *Theodore,* the Court reasoned that a natural child of a deceased employee is not a dependent and therefore not entitled to receive workers' compensation benefits when the child has been adopted by other parents. The Court, at 162-163, stated:

The legal relationship between parents and their natural children is effectively terminated when the children are legally adopted by others. All rights and obligations between the child and parents are severed and the adoptive parents become the legal parents in all respects. The dissolution of a legal relationship should not permit recovery of death benefits by one who is no longer a "child" within the meaning of the Workmen's Compensation Act.

The Court then noted that MCL 710.60; MSA 27.3178(555.60) provides that an adopted person is not an heir at law of the natural parents and stated, at 163-164:

This provision represents legislative recognition that no rational basis exists for permitting an adopted child to retain a birthright of inheritance from his natural parents when their legal relationship has been terminated. We join the jurisdictions of Colorado, Texas, and Georgia, in viewing the conclusive presumption of dependency in the Workmen's Compensation Act as premised upon the legal obligation of the parent to provide support for the child. Once this legal relationship is terminated by adoption, there can be no conclusive presumption of dependency upon the parent for support which would entitle the adopted child to death benefits from his deceased natural parent.

On the basis of the reasoning in *Theodore,* we determine that in the present case the adoption of Kelly and Sean by Charles Murphy destroyed the rationale for the conclusive presumption of the children's dependency upon their deceased father, i.e., the legal obligation of parents to support their children. Charles Murphy's adoption of Sean and Kelly created a legal relationship in which he assumed the legal obligation to provide for the

children and supplanted the legal relationship formerly giving rise to the conclusive presumption of the children's dependency upon Dennis Wainman, their deceased natural father.

Reversed.