MURPHY v AMERITECH

Docket No. 185803. Submitted November 13, 1996, at Lansing. Decided
February 18, 1997, at 9:10 A.M.

Dennis D. Wainman died in February 1972 in the course of employ-
ment by Michigan Bell Telephone Company, now known as Amer-
itech. He left a widow, Candace, and two children, three-year-old
Kelly and two-month-old Sean. The employer voluntarily paid
worker's compensation death benefits to Mrs. Wainman until she
remarried in 1973 and to the children for five hundred weeks after
their father's death, as specified by MCL 418.321; MSA 17.237(321),
even after Candace's new husband, Charles Murphy, adopted the
children. Candace Murphy petitioned the Bureau of Worker's Disa-
bility Compensation for continued payment of worker's compensa-
tion death benefits by the employer to the children pursuant to
MCL 418.321, 418.35; MSA 17.237(321), 17.237(335). A hearing ref-
eree ordered the continuation of benefits until the children were
sixteen. The Worker's Compensation Appeal Board affirmed. The
Court of Appeals, DANHOF, C.J., and SHEPHERD and DOCTOROFF, JJ.,
remanded for clarification. On remand, the WCAB ruled that the
employer was obligated under MCL 418.331, 418.335, 418.353; MSA
17.237(331), 17.237(335), 17.237(353) to pay benefits until the chil-
dren were eighteen. After remand, the Court of Appeals, SULLIVAN,
P.J., and MacKENZIE and I. B. TORRES, JJ., reversed, holding that a
hearing referee or a worker's compensation magistrate may order
benefits beyond five hundred weeks and until a child is eighteen or
twenty-one if the referee or magistrate finds that the child remains
dependent on the deceased worker, but that, on the basis of *Theo-
dore v Packing Materials, Inc*, 396 Mich 152 (1976), the children in
this case ceased to be dependent on their deceased father when
they were adopted. 200 Mich App 422 (1993). The Supreme Court
vacated the decision of the Court of Appeals and remanded the
case to the Worker's Compensation Appellate Commission, with
none of the three opinions by the justices garnering a majority. 447
Mich 93 (1994). On remand, the WCAC ruled that the children were
entitled to benefits until they were eighteen because the evidence
did not establish a diminished financial need such that benefits
should be terminated. The employer appealed by leave granted.

The Court of Appeals *held*:

A child of a worker who dies in the course of employment, if the child is under sixteen, is conclusively presumed to be dependent on the deceased worker, § 331(b), and is entitled to weekly death benefits for five hundred weeks after the worker's death, § 321. An award of benefits after the five-hundred-week period is at the discretion of the worker's compensation magistrate, §§ 321, 335, but the conclusive presumption of dependency continues until the child is sixteen. Accordingly, benefits must continue until the child is sixteen unless the employer establishes that the child has a diminished need for benefits. After the child's sixteenth birthday, when dependency is no longer presumed, benefits may be continued until the child is twenty-one (if the surviving parent has not remarried, § 321) or eighteen (if the surviving parent has remarried, § 335) upon proof by the claimant of a continuing need for benefits.

In this case, the children were under sixteen when continued benefits were sought. The only evidence of diminished need offered by the employer was that the children had been adopted. Adoption, by itself, is insufficient to prove diminished need. The employer therefore failed to establish diminished need, and the children are entitled to continued benefits until each is sixteen. Mrs. Murphy failed to establish continuing need for benefits by the children after sixteen, and the award of benefits beyond sixteen must be reversed.

Affirmed in part and reversed in part.

WORKER'S COMPENSATION — DEATH BENEFITS — DEPENDENT CHILDREN.

A child of a worker who dies in the course of employment, if the child is under sixteen, is conclusively presumed to be dependent on the deceased worker and is entitled to weekly worker's compensation death benefits for five hundred weeks after the worker's death; an award of benefits after five hundred weeks is at the discretion of a worker's compensation magistrate, but the presumption of dependence continues until the child is sixteen such that benefits should be awarded unless the employer establishes that the child has a diminished need for benefits; after the child's sixteenth birthday, upon proof by the claimant of a continuing need for benefits, benefits may be continued until the child is twenty-one if the surviving parent has not remarried or eighteen if the surviving parent has remarried; adoption of the child, by itself, is insufficient proof of diminished need for benefits (MCL 418.321, 418.331, 418.335, 418.353; MSA 17.237[321], 17.237[331], 17.237[335], 17.237[353]).

*Rapaport, Pollok, Farrell & Waldron, P.C.* (by *Steven J. Pollok*), for the plaintiff.

*Lacey & Jones* (by *Michael T. Reinholm*), for the defendant.

Before: SAAD, P.J., and GRIFFIN and M. H. CHERRY*, JJ.

GRIFFIN, J. Defendant appeals by leave granted an order of the Worker's Compensation Appellate Commission (WCAC), which, after remand from our Supreme Court, held that plaintiff's children are entitled to additional death benefits pursuant to MCL 418.335; MSA 17.237(335). We affirm in part and reverse in part.

We hold that children under sixteen are conclusively presumed dependent on the deceased parent, but that dependency does not, by itself, entitle a child to continued benefits after the expiration of the mandatory 500-week payment period. Instead, the magistrate is afforded discretion whether to order continued benefits after the 500-week period. If the *employer* proves a diminished need by the child after the 500-week period, continued benefits should not normally be awarded. After the child obtains the age of sixteen, the magistrate at his discretion may order benefits beyond the 500-week period, but only if the *claimant* proves both dependency and a continued need.

I

The saga of this case began nearly twenty-five years ago. In 1972, plaintiff's decedent, Dennis

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Wainman, died in the course of his employment with Michigan Bell Telephone Company. Defendant paid weekly death benefits to the decedent's three dependents: plaintiff (decedent's widow) and the Wainmans' two minor children, Kelly and Sean. After plaintiff remarried in June 1973, defendant stopped paying her benefits. See MCL 418.335; MSA 17.237(335). Later, when plaintiff's new spouse adopted the children, defendant continued paying benefits to Kelly and Sean until the 500-week period expired on September 12, 1981. See MCL 418.321; MSA 17.237(321).

After expiration of the 500-week period, plaintiff petitioned for a hearing regarding her claim that Kelly and Sean, then aged thirteen and nine, respectively, remained dependent on decedent and, therefore, were entitled to continued benefits under §§ 331 and 335 of the Worker's Disability Compensation Act (WDCA), MCL 418.335; MSA 17.237(335). The magistrate rejected defendant's defense that the adoption, by itself, belied factual dependency and ruled that, until the children reached the age of sixteen, they were conclusively presumed dependent on the decedent as long as they lived with plaintiff. Benefits were extended until the children's sixteenth birthdays. However, the magistrate ruled that, once the children turn sixteen, it becomes a factual issue whether they remain dependent on the decedent and that, in light of the adoption, the children ceased to be dependent on decedent on their sixteenth birthdays. The Worker's Compensation Appeal Board (WCAB)[1] affirmed. In response to defendant's application for leave to appeal, this Court, while retaining jurisdic-

---

[1] The WCAB is the predecessor of the WCAC.

tion, remanded for clarification. In a supplemental decision, the WCAB once again affirmed the magistrate's decision, but extended the benefit period until the children's eighteenth birthdays.

After remand, this Court reversed the decision of the WCAB. *Murphy v Michigan Bell Telephone Co (After Remand)*, 200 Mich App 422; 505 NW2d 3 (1993). In *Murphy*, we held that a magistrate may extend the benefits period beyond five hundred weeks only if the magistrate finds that the children remain factually dependent on the deceased worker. *Id.* at 430-431. Relying on *Theodore v Packing Materials, Inc*, 396 Mich 152; 240 NW2d 255 (1976), we concluded that Kelly and Sean's dependence on the decedent terminated as a matter of law when Mr. Murphy adopted them. *Murphy, supra* at 432-433. On further appeal, our Supreme Court vacated our decision and remanded to the WCAC for further proceedings. *Murphy v Michigan Bell Telephone Co*, 447 Mich 93; 523 NW2d 310 (1994). However, none of the three Supreme Court opinions garnered a majority. On remand, the WCAC ruled that Sean and Kelly were entitled to benefits until they turn eighteen because "the evidence does not establish a diminished financial need such that benefits should be terminated." This Court has again granted defendant's application for leave to appeal.

II

In this appeal, defendant contends that the WCAC misapplied the law as established by our Supreme Court in *Murphy* to the undisputed facts in this case. Defendant premises its argument on its conclusion that, when the three opinions in *Murphy* are read

together, a majority of the justices agree that a magistrate has discretion to order continuing benefits to a minor child beyond the 500-week mandatory period unless the employer carries its burden of showing a diminished need for benefits. Though we agree generally with defendant's interpretation of *Murphy*, we are not persuaded that the WCAC abused its discretion in ruling that defendant failed to establish a diminished need.

A

Section 331(b) of the WDCA provides that children who are either under sixteen years of age or over sixteen and incapacitated from earning "shall be conclusively presumed to be wholly dependent for support upon a deceased employee." Section 341 provides that the identity of dependents and the extent of their dependency is determined as of the date of the employee's injury and that a child's "right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions except as otherwise specifically provided in §§ 321, 331 and 335." Section 321 provides that, when the injury results in death, the employer must pay weekly benefits to the decedent's dependents "for a period of 500 weeks from the date of death." Further, this section states that

> [i]f at the expiration of the 500-week period any such wholly or partially dependent person is less that 21 years of age, a worker's compensation magistrate may order the employer to continue to pay the weekly compensation or some portion thereof until the wholly or partially dependent person reaches the age of 21. [MCL 418.321; MSA 17.237(321).]

If the decedent's spouse has remarried, § 335 provides the same discretionary standard for continuing benefits beyond the statutory period, but limits the benefits to the date a child reaches the age of eighteen. See Welch, Worker's Compensation in Michigan: Law & Practice (3d ed), § 15.25, p 15-25.

Read together, §§ 321 and 331(b) require employers to pay weekly benefits for five hundred weeks to a decedent's dependents when death results from a work-related injury. Further, because § 331(b) conclusively presumes that children under sixteen are dependent on the decedent's wages, such children are automatically entitled to five hundred weeks of benefits. Once the 500-week period expires, however, no statute requires a magistrate to order continuing benefits. Instead, §§ 321 and 335 provide that a magistrate *may* order continued benefits until the child reaches the age of twenty-one or eighteen, depending on whether the widow remarries. The issue raised by these statutes is the criterion used in determining whether a child under sixteen should receive benefits after the expiration of the 500-week period.

Though our Supreme Court addressed this issue in *Murphy*, the three opinions lack precedential effect because a majority of the justices did not agree on a ground for decision. *Negri v Slotkin*, 397 Mich 105, 108-109; 244 NW2d 98 (1976); *People v Anderson*, 389 Mich 155, 170; 205 NW2d 461 (1973). Nevertheless, we start by looking to the various opinions of the learned justices for guidance.

B

In *Murphy*, Justice RILEY, expressing her views, as well as those of Justice BOYLE, opined that, regardless

of a child's age, the conclusive presumption of dependency in § 331(b) terminates at the end of the 500-week payment period. *Murphy*, 447 Mich 101, 104. According to Justice RILEY, the nonmandatory language in §§ 321 and 335 grants the magistrate discretion to order benefits beyond the 500-week period only if the *claimant* establishes "continued factual dependency." *Id.* at 100, 104-105.

Justice BRICKLEY, writing for himself and Justice GRIFFIN, agreed with Justice RILEY's conclusion that a magistrate has discretion whether to order benefits beyond the 500-week period. *Id.* at 105, 107, 109. However, unlike Justice RILEY, Justice BRICKLEY opined that the conclusive presumption of dependency in § 341 does not end with the 500-week period, but continues until the child turns sixteen. *Id.* at 107, 112. Nonetheless, according to Justice BRICKLEY, this presumed dependency is not dispositive because, "while dependency is a necessary prerequisite to continuing benefits, it alone does not guarantee an award of benefits." *Id.* at 108. Instead, the magistrate may deny continued benefits to a presumed dependent if the *employer* can establish that the children have a "diminished need" for continued benefits. *Id.* at 112.

Justice LEVIN, writing for Justices CAVANAGH and MALLETT, agreed with Justice BRICKLEY that the conclusive presumption of dependency continues until a child's sixteenth birthday, but disagreed with the other four justices that a magistrate has discretion in deciding whether to order benefits beyond the 500-week period. *Id.* at 120-121, 123. According to Justice LEVIN, the language in § 341 that provides an unalterably fixed right to benefits until the dependent child's

sixteenth birthday is not supplanted by §§ 321, 331, or 335. *Id.* at 120.

In summary, five justices agreed in *Murphy* that a child is conclusively presumed dependent on the deceased until the child turns sixteen. However, four justices concluded that, once the 500-week period expires, the magistrate has discretion in determining whether to order continued benefit payments (only three justices conclude that the right is fixed until a child turns sixteen). Of the four justices who agreed that continuation of benefits is discretionary, Justices RILEY and BOYLE concluded that a magistrate or referee should order continued benefits if continued dependency is found, whereas Justices BRICKLEY and GRIFFIN would presume dependency and allow the magistrate to discontinue benefits only if defendant established diminished need. *Id.* at 112 (opinion of BRICKLEY, J.). Though no opinion specifically addressed the criteria for awarding benefits after a child reaches sixteen years of age, Justice RILEY suggested that, where dependency is not conclusively presumed, continued benefits should depend on whether the claimant can establish a continued need. *Id.* at 104-105.

III

Consistent with the statutory language and the views of a majority of the justices, we hold that, while dependency is presumed until a child's sixteenth birthday, a magistrate has discretion whether to order continued benefits beyond the 500-week period. There is no exception to the conclusive presumption of § 331(b) that children under sixteen are wholly dependent on the decedent. Nor is there an

exception to § 341, which provides that dependency is "determined as of the date of the injury to the employee." Accordingly, by operation of the statutorily established conclusive presumption of dependency for children under sixteen, children must be considered to remain dependent on the deceased parent until their sixteenth birthday.

However, nothing in the WDCA suggests that dependency is, by itself, sufficient to extend benefits beyond the 500-week period. Thus, we conclude that the term "may" instead of "shall" in § 321 implies that an order of benefits beyond the 500-week period is discretionary, not mandatory. See *id.* at 100 (opinion of RILEY, J.); *id.* at 108 (opinion of BRICKLEY, J.). Indeed, the language of § 341 providing for a "fixed" right to continued benefits is expressly subject to the discretionary language of §§ 321 and 335.

The next issue is the criteria the magistrate should employ in exercising discretion over whether to extend benefits beyond the 500-week period. On this question, we are persuaded by, and hereby adopt the opinion of, Justice BRICKLEY. We agree with his analysis of presuming that dependent children should receive continued benefits unless the *employer* establishes that, despite the presumed dependency, the child has a "diminished need" for such benefits. *Id.* at 112. Because dependency is conclusively presumed until the age of sixteen, only a showing by the employer of diminished need should normally warrant the discontinuation of benefits.

Finally, after a child's sixteenth birthday, dependency is no longer presumed. In regard to the continued award of benefits after the age of sixteen years, we adopt Justice RILEY's standard of placing the bur-

den on the *claimant* to prove continued need. See *id.* at 104-105. Though adoption of the children or remarriage of the decedent's widow may play a role, even a significant role, in establishing the children's diminished need on the decedent, we hold that such circumstances are, by themselves, insufficient to prove diminished need. As noted by Justice LEVIN, see *id.* at 119, *Theodore v Packing Materials, Inc,* is factually distinguishable and not controlling.

IV

In the present case, the only evidence defendant offered to establish diminished need was that the children were adopted by plaintiff's new husband. Defendant did not prove how the adoption changed the children's financial condition such that their need for benefits was diminished. Accordingly, defendant failed to sustain its burdens of production and persuasion. Therefore, we affirm that portion of the WCAC order that awards continuing benefits until the children's sixteenth birthdays. However, because plaintiff failed to sustain her burden of proving continuing need for benefits beyond the children's sixteenth birthdays, we reverse that portion of the WCAC order that extended benefits beyond the age of sixteen.

Affirmed in part and reversed in part.