COHOON v FRUEHAUF TRAILER CORPORATION (ON REMAND)

Docket No. 195930. Submitted July 9, 1997, at Detroit. Decided August 22, 1997, at 9:10 A.M.

Michael Cohoon was twenty-seven years old and mentally incapacitated when he was awarded worker's compensation benefits as a dependent of Carl R. Cohoon, who died as a result of a disease related to employment with Fruehauf Trailer Corporation. Following the expiration of the five-hundred-week period provided by § 321 of the Worker's Disability Compensation Act, MCL 418.321; MSA 17.237(321), for such benefits, Mary Cohoon (mother of Michael Cohoon and widow of Carl Cohoon) and Jackie Gruwald (personal representative) petitioned the Bureau of Worker's Disability Compensation for continuing benefits. A worker's compensation magistrate denied the petition, finding no authority under § 335 of the WDCA, MCL 418.335; MSA 17.237(335), for the continuation of benefits. The Worker's Compensation Appellate Commission affirmed. The Court of Appeals denied leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 452 Mich 857 (1996).

On remand, the Court of Appeals *held*:

Sections 321 and 335 allow for the payment of worker's compensation death benefits to a dependent of a worker who dies from a work-related disease or injury for five hundred weeks from the date of the worker's death or until the dependent reaches the age of majority. An incapacitated dependent, however, may continue receiving benefits for the entire five-hundred-week period, but may not receive benefits beyond the five-hundred-week period if at the end of the period the dependent has reached the age of majority.

Affirmed.

WORKER'S COMPENSATION — DEATH BENEFITS — INCAPACITATED SURVIVING DEPENDENTS.

A physically or mentally incapacitated surviving dependent of a worker who dies from a work-related disease or injury may receive worker's compensation death benefits for five hundred weeks from the date of the worker's death, which period may be extended until the dependent reaches the age of majority if not of that age at the

end of the five hundred weeks; benefits are limited to five hundred weeks if the dependent has reached the age of majority at the end of the five-hundred-week benefits period (MCL 418.321, 418.335; MSA 17.237[321], 17.237[335]).

*Lopatin, Miller, Freedman, Bluestone, Herskovic, Heilmann & Domol* (by *Richard E. Shaw*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Paul F. Paternoster*), for the defendants.

ON REMAND

Before: DOCTOROFF, P.J., and MACKENZIE and GRIFFIN, JJ.

GRIFFIN, J. Plaintiffs' appeal is before us on remand by the Supreme Court for consideration as on leave granted of an order of the Worker's Compensation Appellate Commission (WCAC) upholding a magistrate's denial of plaintiffs' petition for continuing dependency benefits for decedent's thirty-six-year-old mentally incapacitated son. 452 Mich 857 (1996). We affirm and hold that the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, provides no authority to extend the five-hundred-week benefits period for dependents over the age provided in MCL 418.335; MSA 17.237(335).

I

Plaintiffs' decedent, Carl Cohoon, died in 1981 as a result of an occupational disease. A hearing referee determined that decedent's twenty-seven-year-old son, Michael Cohoon, born December 18, 1954, was mentally incapacitated because of Down's syndrome and,

thus, a dependent entitled to death benefits. Accordingly, the hearing referee ordered "that Defendant(s) shall pay compensation [to Michael] at the rate of $176.00 from 3-24-1981 until further order of the Bureau not to exceed 500 weeks from the date of [decedent's] death . . . ."

After the expiration of the five-hundred-week period, plaintiffs petitioned for further benefits for Michael. Plaintiffs claimed that, despite his advanced age, Michael's continuing incapacity entitled him to protracted benefits under MCL 418.335; MSA 17.237(335). Defendants opposed the petition on the basis that the WDCA provides no mechanism for extending the five-hundred-week benefits period for a thirty-six-year-old dependent.[1]

The magistrate denied plaintiffs' petition, stating:

> Section 321 defines the benefit to be paid when death results from a personal injury of an employee and the extent to which such benefits are to be paid (500 weeks). The only ground for the extension of such benefits is for those under age dependents at the expiration of the 500 week period.
>
> In short, Section 335 does not create an affirmative entitlement over and above that affirmatively granted in Section 321. Thus, plaintiff has been paid all the compensation to which she is entitled, and further benefits are denied.

The WCAC affirmed, and this Court denied leave to appeal. Our Supreme Court, however, remanded this case and ordered this Court to hear it as on leave granted.

---

[1] Defendants also claimed that the original order limiting benefits to five hundred weeks has res judicata effect on the instant lawsuit.

II

Plaintiffs claim that the WCAC misconstrued the WDCA in finding no mechanism authorizing an extension of the five-hundred-week benefits period for a thirty-six-year-old mentally incapacitated dependent. We disagree.

Section 321 is the only WDCA provision affirmatively authorizing the commencement of death benefits. As it applied to the 1980 injury date, that section provided that when a work-related injury causes death, the employer generally must pay weekly benefits to the decedent's dependents[2] "for a period of 500 weeks from the date of death." This five-hundred-week benefits period can be extended only as provided in §§ 321 and 335. The pertinent portions of these sections provided at the relevant time that

> [i]f at the expiration of the 500-week period any such wholly or partially dependent person *is less than 21[3] years of age,* a hearing referee may order the employer to continue to pay the weekly compensation or some portion thereof *until* such wholly or partially dependent person reaches the age of 21. [Emphasis added.][4]

Thus, the five-hundred-week benefits period can be extended *only if* the dependent is below the pre-

---

[2] Defendants do not contest that Michael was a mentally incapacitated dependent. At the time decedent last worked for his employer, § 331(b) of the WDCA provided that children who are physically or mentally incapacitated from earning, like children under sixteen, "shall be conclusively presumed to be wholly dependent for support upon" the deceased employee with whom the child was living at the time of death.

[3] In 1985, the Legislature amended this section to reduce the age for terminating benefit payments to eighteen. See 1985 PA 103, § 1.

[4] The two provisions are not identical. The only difference, however, is the placement of commas in § 335 where there are none in § 321. The commas bear no consequence to our analysis.

scribed age when the benefits period expires. See, generally, *Murphy v Ameritech*, 221 Mich App 591; 561 NW2d 875 (1997). Even then, each section unexceptionably limits any extension and terminates death benefits when the child reaches the prescribed age.

Plaintiffs claim, however, that § 335 authorizes protracted benefits for mentally or physically incapacitated dependents. To support this claim, plaintiffs cite the sentence in § 335 that provides: "The payment of compensation to any dependent child shall cease when the child reaches the age of 21 years, if at the age of 21 years he is neither physically nor mentally incapacitated from earning . . . ."[5] Plaintiffs construe

---

[5] Section 335, which also limits benefits in cases where a dependent spouse remarries, provided on the date of decedent's last day of employment:

Upon the remarriage of a dependent wife receiving compensation, such payments shall cease upon the payment to her of the balance of the compensation to which she would otherwise have been entitled but in no event to exceed the sum of $500.00, and further compensation, if any, shall be payable to the person either wholly or partially dependent upon deceased for support at his death as provided in subdivision (b) of section 331. A hearing referee shall determine the amount of compensation or portion thereof that shall be payable weekly to such wholly or partially dependent person for the remaining weeks of compensation. Where, at the expiration of the 500-week period, any such wholly or partially dependent person is less than 21 years of age, a hearing referee may order the employer to continue to pay the weekly compensation, or some portion thereof, until such wholly or partially dependent person reaches the age of 21. The payment of compensation to any dependent child shall cease when the child reaches the age of 21 years, if at the age of 21 years he is neither physically nor mentally incapacitated from earning, or when the child reaches the age of 16 years and thereafter is self-supporting for 6 months. If such status ceases, the dependency shall be reinstated. Such remaining compensation, if any, shall be payable to the person either wholly or partially dependent upon the deceased for support at the time of his death, as provided in the case of the remarriage of a dependent wife.

this language excluding incapacitated children from the limitation on the five-hundred-week benefits period as affirmative authority for extending death benefits for incapacitated children for as long as their dependency continues. We cannot agree.

The exclusive function of the language in § 335 regarding incapacitated persons is to exempt such persons from the automatic termination of the five-hundred-week benefits period that usually occurs when a child reaches the prescribed age. There is no indication that this qualification to a clause otherwise limiting the five-hundred-week benefits period authorizes magistrates to extend the benefits period beyond five hundred weeks. Nor does the sentence in § 335 authorizing extensions of the five-hundred-week benefits period contain an incapacitated-persons exception to the provision allowing continuations only *until* the dependent child reaches the prescribed age. Moreover, the language and history[6] of § 335 establishes that these two sentences serve distinct functions and, therefore, cannot be melded together to allow an indefinite term of benefits for incapacitated children. Accordingly, we conclude that the lan-

---

[6] The history of § 335 reveals that its various components were added at different times to serve distinct functions. Originally, the WDCA provided three hundred weeks of death benefits with no provision to limit or extend the benefits period. See 1912 (1st Ex Sess) PA 10, part 2, §§ 5-7, 12. To remedy the perceived problem of allowing benefits to continue past the age of majority, the Legislature, in 1927, added a proviso that, except for incapacitated children, the death benefit automatically stopped at age twenty-one. Part 2, § 6, as amended by 1927 PA 376. Several years later, in 1965, our Legislature remedied the problem whereby very young dependents would lose benefits at the end of the five-hundred-week period even if they had not reached the age of majority. 1965 PA 44. In that amendment, the Legislature added the provisions in Part 2, § 5 (now § 321) and § 6 (now § 335), providing magistrates discretion whether to continue the benefits period until the child reached the age of twenty-one.

guage in § 335 pertains only as an exception to the provision otherwise limiting the five-hundred-week period and cannot be construed as authority to extend a five-hundred-week benefits period for incapacitated persons over the prescribed age.

Plaintiffs also maintain that the WDCA focuses on dependency alone and that the Legislature provided for benefits to continue as long as the deceased worker's child remains incapacitated. However, there is no evidence that the Legislature intended benefits to continue for as long as a person remains dependent on the deceased worker's income. On the contrary, although dependency is a precondition for receiving benefits, the WDCA clearly fixes the length of time benefits may be received without regard to continued dependency. Thus, regardless of dependency in fact, the Legislature has made a policy decision that dependency benefits (as opposed to dependency itself) terminate at either the age of majority or, in the case of incapacitated persons, the end of the five-hundred-week benefits period. See *Compton v Ford Motor Co*, 337 Mich 654, 656; 60 NW2d 191 (1953).

Accordingly, we hold that although the benefits period usually ends when a dependent reaches the statutory age, an incapacitated dependent may continue receiving benefits for the entire five-hundred-week period. The WDCA provides no authority for extending benefits beyond the five-hundred-week period for incapacitated persons who exceed the age prescribed in MCL 418.335; MSA 17.237(335) when the original five-hundred-week benefits period expires. In the event the five-hundred-week period expires before any dependent reaches the statutory age, the magistrate may order continued benefits in

accordance with our holding in *Murphy, supra*. In *every* case where benefits are extended beyond the five-hundred-week period, the dependent's benefits automatically terminate when the person reaches the prescribed age.

### III

Applying these principles to the present case, because the incapacitated dependent was over the statutory age when the benefits period expired, plaintiffs cannot satisfy the condition for extending benefits beyond the five-hundred-week period. Accordingly, the WCAC correctly affirmed the magistrate's ruling denying plaintiffs' petition for extended death benefits.

Affirmed.